Dear Commissioner Burguieres:
You have requested this office to provide you with some guidance concerning the interpretation of LAC 4:301(F). The following is the text of the regulation:
 Copies of public records shall be finished without charge or at a reduced charge to indigent citizens of this state or the persons whose use of such copies will be limited to a public purpose including but not limited to use in a hearing before any governmental regulatory commission.
Your request has been assigned to me for review and answer. Per your letter, it appears that you are concerned with the following two issues in particular:
1. What constitutes a public purpose under LAC 4:301(F)?
 2. What kinds of limitations/restrictions on the use and/or final disposition of gratis copies of public documents?
First, it is important to note that LAC 4:301(F) is substantially the same as language contained in La. R.S.44:32(C)(2) which is part of the Public Records Law. In44:32(C)(2), the language contains a permissive "may" instead of the mandatory "shall" as in the LAC provision. The LAC provision was adopted by the Commissioner of Administration who was given the power to adopt uniform fees for copies in La. R.S. 44:32(C)(2). The Commissioner of Administration adopted the fee schedule in LAC 4:301, and section (F) of the fee schedule is the same as44:32(C)(2) with the exception noted above.
The Department of Natural Resources is governed by both44:32(C)(2) and LAC 4:301. La. R.S. 44:1. Since, the Legislature gave the authority to the Commissioner of Administration to write the regulation, the Revised Statute will prevail over the regulation. When a conflict arises between the language contained in the Administrative Code and the Revised Statutes, the Revised Statutes will prevail. Therefore, the Department of Natural Resources is governed by La. R.S. 44:32(C)(2) rather than LAC 4:301, and the law is permissive rather than mandatory.
Now, assuming that you still have the same questions with La. R.S. 44:32(C)(2) as you did with LAC 4:301, the two issues will be addressed in the order presented above . . .
 I.
"Public purpose" has not previously been defined specifically regarding La. R.S. 44:32. However, this term has been defined regarding other issues. The State Supreme Court broadly defined public purpose as the following: ". . . such a purpose as redounds to the public welfare." State v. Wilson,154 So. 636 (La. 1934) and Louisiana State Department of Agriculturev. Sibille, 22 So.2d 202 (La. 1945). The following Attorney General explanation of a public purpose are more specific and might be helpful when addressing your question:
 . . . if the end result of the use of the funds or property of a political subdivision renders a public purpose such that the benefits to be derived from the use of the funds or property will inure primarily to the public, a cooperative endeavor exists and the use of the funds or property . . . is legal.
Attorney General Opinion Nos. 82-56 and 86-24.
 Public funds and property may not be loaned, pledged, or donated for any purpose unless pursuant to a social welfare program for the indigent or a cooperative endeavor which serves a public purpose and realizes a direct benefit to the community; furthermore, the benefit received must be commensurate in value with the funds or property donated.
Attorney General Opinion No. 87-587
 A public purpose and benefit is always presumed where the legal obligation to expend the funds is established by constitutional or statutory mandate.
Attorney General Opinion No. 92-127
Also, since there is very little case law on point, some examples of expenditures made for public purposes might be beneficial: navigational canals, Union Sulphur Co. v. Parish of Calcasieu, 96 so. 787 (La. 1923); memorial buildings, monuments and other public ornaments, State ex rel Singlemann v. Morrison, 57 So.2d 238
(La.App. 4th Cir. 1952); programs that improve blighted neighborhoods, Attorney General Opinion No. 78-1260; and construction of a firing range; Attorney General Opinion No. 80-447.
From the above definitions and the examples, it is obvious that "public purpose" is not well defined. Thus, when trying to determine if gratis copies are appropriate, your office should consider the ultimate intention of the requesting party. If the copies will be utilized in such a manner that benefits the public, then your Department should furnish these copies free of charge. If it appears that the copies will not be used to benefit the public, then your office may charge for the copies. The decision of what constitutes a "public benefit" is largely within your discretion.
Per your letter, it appears that you are considering using status as a method to determine if the requestor has a public purpose. This method is useful when the requestor represents another public agency. Public agencies will take advantage of La. R.S. 44:32(C)(2) the most. However, this should not be the only criteria to consider. It would be beneficial to determine for what purpose the requestor is planning to use the copies. A private individual may request copies of records for a public purpose. If you only considered the status of the individual rather than the purpose of the copies, you might charge this type of requestor when it is not necessary to do so.
 II.
The second issue you have raised regards the limitations on the use and final disposition of gratis copies. La. R.S.44:32(C)(2) states the following, ". . . or the persons whose use of such copies, as determined by the custodian, will be limited to a public purpose . . ." The phrase "as determined by the custodian" gives the discretion to the custodian regarding the kinds of limitations to impose on gratis copies. Of course, this discretion would have to be administered in a fair and legal manner and not arbitrarily. Therefore, you as the custodian of these documents would have the discretion to determine fair and reasonable limitations on the disposition of gratis copies for the Department of Natural Resources.
It should be mentioned that your department can only inquire about the requestor's purpose if gratis copies are at issue. The Louisiana Supreme Court stated the following regarding the custodian's inquiry:
 The legislative intent to provide the access in as unrestricted manner as possible is expressed best by R.S. 44:32(A). Any adult member of the public need only request a record, and the custodian must supply it. The custodian may not make any inquiry, with the exception of the age and identity of the borrower, into the reason for the request, nor may the custodian attempt to intimidate any person by requesting to see what information the viewer has extracted from public records.
The allowance of gratis copies for a public purpose is not to be used to circumvent legislative intent. Therefore, the purpose inquiry should only be relevant if the requestor is claiming a public purpose in order to receive gratis copies. Title ResearchCorp. v. Rausch, 450 So.2d 933, 937 (La. 1984).
We trust that your inquiry is answered, and request that you contact this office should you need further information.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________ JAMES M. ROSS Assistant Attorney General